UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| RICHARD A. CHIANCONE, | ) | CASE NO.5:11CV337 |
|  | ) |  |
| Plaintiff, | ) | JUDGE SARA LIOI |
|  | ) |  |
| vs. | ) |  |
|  | ) | MEMORANDUM OPINION & |
| CITY OF AKRON, | ) | ORDER |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

Before the Court are the following motions: (1) the motion of plaintiff Richard A. Chiancone's ("plaintiff" or "Chiancone") to dismiss defendant's third affirmative defense (Doc. 13) and (2) the motion of defendant City of Akron ("defendant" or "the City") to dismiss plaintiff's federal claims. (Doc. 15.) Plaintiff and defendant have filed briefs in opposition to the respective motions. (Docs. 14, 17.) In addition, plaintiff has filed a reply to defendant's opposition brief to his motion. (Doc.16.) This matter is ripe for disposition. For the reasons that follow, plaintiff's motion is **DENIED** and defendant's motion is **GRANTED**.

I.      BACKGROUND

On January 11, 2011, Chiancone filed suit against the City in the Court of Common Pleas for Summit County, Ohio, alleging claims of disability discrimination. Specifically, Count I of the Complaint (Doc. 1-1) alleges violations of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101, *et seq*., and Count II alleges violations of Ohio Rev. Code §§ 4112.01, *et seq*., 4112.99. On February 16, 2011,

1

the City removed the case (Doc. 1) to this Court on the basis of federal question jurisdiction.

On February 18, 2011, the City filed its answer (Doc. 3) to the complaint (Doc. 1-2), raising several affirmative defenses, including its third defense, which states, "Plaintiff's claims are barred because he failed to file a timely charge with the EEOC within 300 days of the discriminatory act as required by 42 U.S.C. § 200e-5(e)(1) [sic] and by the applicable statutory period of limitations and/or the doctrines of waiver, estoppel, or laches." (Doc. 3 at 5.)

On May 19, 2011, the Court held a telephonic case management conference. During the conference, the Court, *sua sponte*, addressed the issue of the statute of limitations as it pertained to Chiancone's federal claims. The Court granted the parties leave to file motions addressing the issue.

On June 24, 2011, Chiancone subsequently filed the instant motion to dismiss the City's third affirmative defense under Fed. R. Civ. P. 12(b)(6) and/or to strike the same under Fed. R. Civ. Pro. 12(f). Chiancone asserts in his motion that: (1) the City has not plead with the requisite specificity its limitations defenses; and/or (2) the City voluntarily waived its limitations defenses when it removed this action to this Court. The City argues in opposition that plaintiff's motion is time barred and/or that it has sufficiently plead the third defense and has not waived any defense asserted in its third defense.

On July 8, 2011, the City filed its motion to dismiss plaintiff's ADA claims pursuant to Fed. R. Civ. P. 12(b)(6), arguing that plaintiff failed to file the instant suit within 90 days of receipt of his right to sue letter from the Equal Employment

2

Opportunity Commission ("EEOC") as required under 42 U.S.C. § 12117. (Doc. 15.) According to the City, Chiancone filed a complaint with the EEOC on July 6, 2007, and the EEOC issued a right to sue letter to him on March 26, 2008. (Doc. 15 at 3.) Thereafter, on June 25, 2008, Chiancone filed suit against the City in the Summit County Court of Common Pleas, alleging disability discrimination in violation of federal and state laws. Chiancone voluntarily dismissed that action on February 24, 2010.[1] (*Id.*) Chiancone refiled his action in the state court on January 11, 2011 (Doc. 1-1), raising identical claims as his first suit. Defendant asserts that a voluntary dismissal without prejudice cannot toll the 90-day limitations period, nor can it be equitably tolled or saved by the Ohio savings statute; therefore, according to defendant, the current suit is untimely and must be dismissed.

Plaintiff's argument in opposition to defendant's motion restates his assertion that defendant has waived its arguments in support of dismissal. Plaintiff also argues that, if the Court grants defendant's motion, it should immediately remand plaintiff's case for adjudication in the state court.

## II.    STANDARDS OF REVIEW

---

[1] Although defendant has not filed either the EEOC charging documents or the docket entries of the earlier state court proceedings with its motion, the Court may take judicial notice of the record of the state court proceedings related to this matter when ruling on a motion to dismiss. *See, Williams v. Steak-N-Shake*, No. 5:11CV833, 2011 WL 3627165, at *3 (N.D. Ohio August 17, 2011) (collecting cases); *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir.1999), *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) ("Courts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies.") The Court hereby takes judicial notice of the record of the proceedings before the Summit County Court of Common Pleas, including the complaint filed in the first action, *Chiancone v. City of Akron*, Case No.CV-2008-06-4565 (Ohio Ct. Cm. Pl.) (Compl. docketed on June 25, 2008). Therein, plaintiff's complaint alleges that he filed his EEOC charge on July 6, 2007 and received a right to sue letter on March 26, 2008. (*Id.* ¶¶ 13-14.) Plaintiff's notice of voluntary dismissal in the first state court action was docketed on February 24, 2010. *See Chiancone v. City of Akron*, Case No.CV-2008-06-4565 (Ohio Ct. Cm. Pl.).

## A.   Motion to Strike and/or Dismiss Defendant's Third Defense

Rule 12(f) of the Federal Rules of Civil Procedure provides that, on motion of a party, "[t]he court may strike from a pleading an insufficient defense [...]." Fed. R. Civ. P. 12(f). Motions to strike under Rule 12(f) are addressed to the sound discretion of the trial court, but are generally disfavored. *Ameriwood Indus. Int'l Corp. v. Arthur Andersen & Co.,* 961 F. Supp. 1078, 1083 (W.D. Mich. 1997) (citations omitted). Striking pleadings is considered a drastic remedy to be used sparingly and only when the purposes of justice so require. *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953). "A motion to strike should be granted only when the pleading stricken has no possible relation to the controversy." *Id.*

"An affirmative defense may be pleaded in general terms and will be held to be sufficient ... as long as it gives plaintiff fair notice of the nature of the defense." *Lawrence v. Chabot*, 182 Fed. App'x 442, 456 (6th Cir. 2006) (citation omitted). A defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstances. *Brown & Williamson*, 201 F.2d at 822.

To summarize, the Court should strike an affirmative defense if it would serve the purposes of justice and if the defense is insufficient as a matter of law. A defense is sufficiently plead if it gives plaintiff fair notice of the nature of the defense.

### B.  Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for a defendant to move for dismissal of a complaint for failure to state a claim upon which relief may be granted. The propriety of dismissal pursuant to Rule 12(b)(6) is a question of law. *Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005). When reviewing a motion to dismiss for failure to state a claim, the Court must construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law. *Commer. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007) (citing *United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Mayle v. Stryker Corp.*, No. 5:09CV1991, 2010 U.S. Dist. LEXIS 27120, at *5, 2010 WL 1170635 (N.D. Ohio Mar. 23, 2010) (quoting *Iqbal*, 129 S.Ct. 1937, 1949).

In determining whether to grant a Rule 12(b)(6) motion, the court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir.2008) (citing *Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir.2001)).

### III.     LAW & ANALYSIS

### A.  Plaintiff's Motion to Dismiss/Strike Defendant's Third Defense

### 1.  Timeliness of Plaintiff's Motion

The City's first argument in opposition to Chiancone's motion to strike/dismiss is that the motion is untimely pursuant to the time limits imposed by Fed. R. Civ. P. 12(f)(2), which requires that a motion to strike must be made within 21 days after service of the pleading. Defendant electronically filed its Answer on February 18, 2011. Plaintiff filed his motion to strike/dismiss on June 24, 2011 – more than 120 days later. While there is merit to defendant's 12(f)(2) timeliness argument,[2] the Court, nonetheless, will address plaintiff's other arguments.

### 2.  Defendant's Third Affirmative Defense is Sufficiently Plead

Next, the Court must address Chiancone's argument that the court should strike the City's Third Defense because it fails to meet the pleading requirements of Fed. R. Civ. P. 8 as set forth in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

*Twombly* and *Iqbal* held that "a complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.' " *Iqbal,* 129 S. Ct. at 1949 (quoting *Twombly,* 550 U.S. at 570). Further, pursuant to *Twombly* and *Iqbal*, "mere conclusory statements" are insufficient to state a cause of action. *Id.* In neither case (nor any other), however, did the Supreme Court find "that the 'plausibility' standard also applies to defenses." *Sewell v. Allied Interstate, Inc.,* No. 3:10–CV–113, 2011 WL 32209,

---

[2] The Court notes that the time for filing a motion to strike had expired well before the case management conference. That the Court directed the parties to brief the issue of the statute of limitations defense did not preclude defendant from raising its Rule 12(f)(2) timeliness argument.

at *6 (E.D. Tenn. Jan.5, 2011) (discussing *Twombly* and *Iqbal* with respect to a plaintiff's motion to strike affirmative defenses). "Likewise, the Court of Appeals for the Sixth Circuit has not expanded *Iqbal* and *Twombly* to defenses." *Id.* The Court notes that the district courts in this Circuit are split on whether the *Twombly/Iqbal* standards apply to affirmative defenses.[3]

"[B]ecause the Supreme Court and the Court of Appeals for the Sixth Circuit have not expressly held that the heightened pleading standard applies to defenses," this Court declines to so hold here. *Id.* Moreover, this Court agrees with those courts that have held that the *Twombly/Iqbal* standard is inapplicable to affirmative defenses.

Rule 8(c) governs the pleading of affirmative defenses. That rule requires that "a party must affirmatively state any avoidance or affirmative defense […]." Fed. R. Civ. P. 8(c)(1). It does not include the requirements of Fed. R. Civ. P. 8(a)(2), which require "a short and plain statement of the claim showing that the pleader is entitled to relief." Indeed, the Sixth Circuit does not require that affirmative defenses show that the pleader is entitled to relief. *See*, *Montgomery v. Wyeth*, 580 F.3d 455, 468 (6th Cir. 2009)

---

[3] *See id.* (citing such cases). *See also, HCRI TRS Acquirer, LLC v. Iwer,* 708 F. Supp. 2d 687, 691 (N.D. Ohio 2010) (finding that the pleading standard articulated in *Twombly* and *Iqbal* applies to the pleading of affirmative defenses); *Safeco Ins. Co. of Am. v. O'Hara Corp.,* No. 08-CV-10545, 2008 WL 2558015, *1 (E.D. Mich. June 25, 2008) (finding that the *Twombly* plausibility standard applies to the pleading of affirmative defenses); *United States v. Quadrini,* No. 2:07-CV-13227, 2007 WL 4303213, at *4 (E.D. Mich. Dec. 6, 2007) (finding that *Twombly's* heightened pleading standard applies to the pleading of affirmative defenses). *But see Sewell,* 2011 WL 32209, at *6–7 (declining to apply *Twombly* and *Iqbal* to the pleading of affirmative defenses); *Ailey v. Midland Funding, LLC,* No. 3:11-cv-77, 2011 WL 3049283, at *3 (E.D. Tenn. July 25, 2011)(same); *Holley Performance Prods., Inc., v. Quick Fuel Tech., Inc.*, No. 1:07-cv-185, 2011 WL 3159177, at *2 (W.D. Ky. July 26, 2011) (same); *McLemore v. Regions Bank,* Nos. 3:08-cv-0021, 3:08-cv-1003, 2010 WL 1010092, at *12–14 (M.D. Tenn. Mar. 18, 2010) (finding that the proper standard for pleading an affirmative defense is "fair notice" even after *Twombly* and *Iqbal* ); *First Nat'l Ins. Co. of Am. v. Camps Servs., LTD.,* No. 08-cv-12805, 2009 WL 22861, at *2 (E.D. Mich. Jan. 5, 2009) (finding "*Twombly's* analysis of the 'short and plain statement' requirement of Rule 8(a) does not apply to affirmative defenses under Rule 8(c)).

(finding post-*Twombly/Iqbal* that defendant's pleading of defense of repose was sufficient under "fair notice" standard even though it only alleged that "Plaintiff's causes of action are barred in whole or in part by the applicable statute of limitations and repose."); *see also, Davis v. Sun Oil Co.*, 148 F.3d 606, 612 (6th Cir. 1998) (holding that an affirmative defense asserting nothing more than an a statement that plaintiff's claims were barred by the doctrine of *res judicata* was sufficient, as it gave plaintiff notice of the defense).

> Neither the Supreme Court nor any circuit court has held that *Iqbal* and *Twombly* apply to R. 8(c). Indeed, because Rule 8(c) does not require a defendant to show that the defendant is entitled to relief, *Iqbal* and *Twombly* are inapposite to Rule 8(c) jurisprudence. In *Iqbal,* the Supreme Court interpreted *Twombly* as requiring that the allegations of a complaint must be stated as concretely and specifically as is necessary to make plausible the complainant's entitlement to relief. *See Weisbarth v. Geauga Park Dist.,* 499 F.3d 538, 541–42 (6th Cir. 2007). As Rule 8(c) does not require a defendant to show entitlement to relief, *Iqbal* and *Twombly* have no application to the pleading requirements of R. 8(c).

*Powers v. Fifth Third Mortg. Co.*, No. 1:09-CV-2059, 2011 WL 3418290, at *3 (N.D. Ohio July 18, 2011), *adopted*, Doc. No. 8, 1:09-CV-2059 (N.D. Ohio August 4, 2011).

The Court will follow the current Sixth Circuit law, which as outlined above, provides a court shall strike an affirmative defense if it would serve the purposes of justice and if the defense is insufficient as a matter of law. "[A]n affirmative defense may be pleaded in general terms and will be held to be sufficient ... as long as it gives plaintiff fair notice of the nature of the offense." *Lawrence,* 182 F. App'x at 456 (citation omitted); *see also Sewell,* 2010 WL 32209, at *7; *Jeepers of Auburn, Inc. v. KWJB Enter., L.L.C.,* No. 10–13682, 2011 WL 1899195, at *2 (E.D. Mich. Mar.16, 2011), *adopted,* 2011 WL 1899531 (E.D. Mich. May 19, 2011).

Here, the City's Third Defense states that Chiancone's discrimination claim is time barred "because he failed to file a timely charge with the EEOC within 300 days of the discriminatory act as required by 42 U.S.C. § 200e-5(e)(1) [sic] and by the applicable statutory period of limitations […]." (Doc. 3.) The defense is thus comprised of two parts—the 300-day time limitation and the applicable statutory period of limitations. The Court will address each of these in turn.

As to the 300-day limitation, the Court finds that Chiancone has not shown that this defense is not related to the controversy or that the defense cannot succeed under any circumstances. *See Brown & Williamson*, 201 F.2d at 822. In any event, Chiancone's attempt to test the merits of the City's defense is premature—whether the City has sufficiently plead a statute of limitations defense and whether it can prove such a defense are two wholly separate issues.

As to the applicable statutory limitations period, the Court finds that the remainder of the Third Defense provides plaintiff fair notice of its nature and is similar to other affirmative defenses that the Sixth Circuit has found provided sufficient notice. *See*, *Montgomery*, 580 F.3d at 468 (finding defendant sufficiently plead an affirmative defense that stated "Plaintiff's causes of action are barred in whole or in part by the applicable statutes of limitations and repose"); *Lawrence*, 182 F. App'x at 456 (finding sufficiently plead affirmative defense that stated that "Plaintiffs' claims are barred by the doctrine of *res judicata*").

Here, the City's third defense goes even further than the one found sufficient in *Montgomery* by citing the federal statute containing the only timing requirements applicable to the filing of ADA claims. The Court finds that the City's

9

Third Defense is sufficiently plead as it gives Chiancone fair notice of the nature of the defense, including the 90-day statute of limitations contained in 42 U.S.C.A. § 2000e-5(f)(1). Accordingly, plaintiff's motion to dismiss/strike defendant's Third Defense on the basis that it is not adequately pled is **DENIED**.

### 3. Defendant Has Not Waived Its Third Defense

In the alternative, Chiancone argues that the City waived any argument that his filing was untimely when it removed this matter to this Court and thereby consented to personal jurisdiction. Removal, however, does not waive any defenses that a defendant may have. *Ditkof v. Owens-Illinois, Inc.*, 114 F.R.D. 104, 105 (E.D. Mich. 1987) (holding that removal did not waive defense that defendant had not been served with process); 14C Fed. Prac. & Proc. Juris. § 3738 (4th ed. 2007) ("The governing principle remains, however, that defendants do not waive any defense by removing a case to federal court and may move to dismiss—for lack of personal jurisdiction, for example—or assert the defense of lack of personal jurisdiction in an answer filed before or after removal."). The cases cited by plaintiff are inapposite, where, as here, personal jurisdiction is not at issue.

Chiancone maintains that the City should have challenged the filing before removing to federal court and characterizes defendant's removal as a waste of judicial resources. While this point may be debated, in pleading a federal law claim, Chiancone subjected the case to removal under 28 U.S.C. § 1441(a). The City had the right to remove the case and have this Court address the federal claims leveled against it. Accordingly, plaintiff's motion to dismiss/strike defendant's Third Defense based on waiver is **DENIED.**

10

**B.  Defendant's Motion to Dismiss Plaintiff's ADA Claim**

Turning to the merits of defendant's third defense, the Court finds that Chiancone's ADA claims are barred by the applicable statute of limitations:

> The ADA incorporates the powers, remedies, and procedures applicable to employment discrimination actions under Title VII. *See* 42 U.S.C. § 12117. Under Title VII and thus under the ADA, a plaintiff must commence his civil action within 90 days of receiving a right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). If a plaintiff in possession of a right-to-sue letter files suit within this period, but later dismisses the lawsuit without prejudice, courts will regard that plaintiff as never having filed that suit and will not toll the statutory filing period of Title VII. *See Wilson v. Grumman Ohio Corp.,* 815 F.2d 26, 27 (6th Cir.1987).

*Garrett v. Weyerhauser Co.*, 191 F.3d 452 (table), 1999 WL 777652, at *1 (6th Cir. 1999).

Chiancone did not file the Complaint (Doc. 1-1) in this action within the applicable statutory period. Chiancone received his right-to-sue letter from the EEOC on March 26, 2008. While Chiancone timely filed his first complaint on June 25, 2008, he voluntarily dismissed that action without prejudice on February 24, 2010. Chiancone subsequently filed this action on January 11, 2011, almost three years after receiving the right to sue notice. Therefore, his Complaint is untimely.

Further, the statutory filing requirement is not subject to equitable tolling in this case. In determining whether the doctrine of equitable tolling should apply, a court should consider a number of relevant factors, including: 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the requirement; 3) diligence in pursuing one's rights; 4) the absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the requirement. *See Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). Title VII time periods should be tolled when conduct by the

11

employer reasonably leads the employee to delay in pursuing his claim. *See Fox v. Eaton Corp.,* 615 F.2d 716, 718 (6th Cir.1980), *cert. denied,* 450 U.S. 935 (1981). In this case, Chiancone has not provided any reason for failing to timely pursue his claim.

Nor does Ohio's savings statute stop the clock on statutes of limitation established by federal statute. *Gex v. Toys "R" US, Inc.*, No. C-3-06-338, 2007 U.S. Dist. LEXIS 73495, 2007 WL 2852351 (S.D. Ohio Oct.2, 2007) ("Absent some sort of equitable tolling, a state tolling statue, such as Ohio's, also does not stop the time limits set forth in a federal statute such as Title VII.") Likewise, plaintiff's claims in the instant action cannot be equitably tolled or saved by a state savings statute. Accordingly, defendant's motion is **GRANTED**.

### C.  Plaintiff's Pendent State Law Claims

Plaintiff has requested that the Court remand his state law claims rather than dismissing those claims. The district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The decision to exercise supplemental jurisdiction depends on "judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed."*Musson Theatrical, Inc. v. Federal Exp. Corp.,* 89 F.3d 1244, 1254 -55 (6th Cir. 1996). Having dismissed all of Chiancone's federal claims in this action, the Court finds no circumstances warranting the exercise of supplemental jurisdiction over plaintiff's state

law claims and, therefore, remands this action to the Summit County Court of Common Pleas.

**IV.     CONCLUSION**

       In light of the foregoing, plaintiff's motion to dismiss defendant's third defense (Doc. 13) is **DENIED**, and defendant's motion to dismiss plaintiff's ADA claim asserted in Count 1 of the complaint (Doc. 15) is **GRANTED**. Plaintiff's remaining state law claims are hereby REMANDED to the Summit County Court of Common Pleas.

       **IT IS SO ORDERED**.

Dated: September 23, 2011

                               **HONORABLE SARA LIOI**
                               **UNITED STATES DISTRICT JUDGE**